UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ADRIANO ALAIN CORTEZ,<br><br>      Petitioner,<br><br>vs.<br><br>WILLIAM O'DONNELL, WARDEN,<br><br>      Respondent. | 4:25-CV-04069-KES<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION AS SUPPLEMENTED AND GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT |

Petitioner, Adriano Cortez, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that respondent, Warden William O'Donnell, is violating his Fifth Amendment equal protection rights by denying him First Step Act (FSA) time credits while permitting similarly situated inmates to earn them. *See* Docket 1 at 2; Docket 4 at 4-5. Cortez also alleges that O'Donnell is denying him application of the Second Chance Act, thereby violating his equal protection rights. Docket 4 at 5. The petition was assigned to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and D.S.D. Civ. LR 72.1.

Respondent now moves for summary judgment on Cortez's petition, Docket 8, arguing that the other inmates Cortez references are not similarly situated, and that Cortez has no legal right or entitlement to any period of prerelease custody placement under the SCA, Docket 9 at 6-7. Magistrate Judge Veronica L. Duffy filed a report and recommended Cortez's petition be

dismissed. Docket 16 at 15. Cortez objected to the magistrate judge's report. Docket 17. The court issues the following order.

## FACTS

Because Cortez did not file objections to the facts, *see* Docket 17, the court adopts the facts as set forth in the report and recommendation, *see* Docket 16 at 2-3, and recounts only the facts that are relevant to Cortez's objections.

In October 2020, in the District of Massachusetts, a grand jury charged Cortez in a superseding indictment with two crimes: (1) conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, cocaine base and cocaine, in violation of 21 U.S.C. § 846; and (2) distribution and possession with intent to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, cocaine base and cocaine, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(i), (vi), (b)(1)(C), and 18 U.S.C. § 2. *See United States v. Cortez*, Crim. No. 1:20-CR 10198, Docket 75 at 1-4 (D. Mass. Oct. 7, 2020). On October 29, 2021, a jury found him guilty of both counts. *See id.*, Docket 527.

During the sentencing hearing, while calculating Cortez's advisory guideline range under the United States Sentencing Guidelines (USSG), the court found that Cortez was an organizer, leader, manager, or supervisor "of a criminal activity that involved five or more participants," and therefore his base offense level under the USSG was increased by four levels. *Id.*, Docket 688 at 5; Docket 11 ¶¶ 10-11.

**STANDARD OF REVIEW**

The court's review of the magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to a magistrate judge's recommendations with respect to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, this court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

**DISCUSSION**

Cortez raises two objections to the report and recommendation. *See* Docket 17. Both concern his claim that respondent violated his equal protection rights by denying him FSA time credits while permitting similarly situated inmates to earn them. Docket 17 at 2-3. The court addresses each objection in turn.

**I.      Whether Cortez is similarly situated to other inmates he identified**

Cortez first objects to the magistrate judge's report in which the magistrate judge found that "no genuine issue of material fact exists regarding whether the BOP treated similarly situated inmates differently without a rational basis." *Id.* at 2. Cortez asserts that "there are disputed facts regarding the BOP's application of FSA [time c]redits to other disqualified offenders," and that his submissions "demonstrate inconsistencies [i]n BOP policy implementation," which creates a triable issue. *Id.* at 3. Cortez contends that

3

the report "improperly resolves these [f]actual disputes in favor of [r]espondent, contrary to summary judgment standards." *Id.*

To prevail on an equal protection claim, a plaintiff must show that: (1) he is treated differently from a similarly situated class of inmates, (2) this differential treatment burdens a fundamental right, and (3) it bears no rational relation to any legitimate penal objective. *Murphy v. Mo. Dep't. of Corr.*, 372 F.3d 979, 984 (8th Cir. 2004). "To survive summary judgment, [the plaintiff] must identify the characteristics of the class he claims to be similarly situated to and present some evidence that other groups within the class were not also restricted in similar ways." *Id.* Summary judgment is appropriate if the plaintiff fails to show that (1) the individuals are similarly situated to him, or (2) "valid prison restrictions were applied unequally." *Id.*

Viewing the facts in the light most favorable to Cortez, the record reveals that no genuine issue of material fact exists as to whether he is treated differently from similarly situated individuals. In his petition, Cortez identifies six inmates who earned FSA time credits and alleges they are similarly situated to him: Isac Payen, Timothy Murphy, Myron Carter, Jimmy Metzger, Michael Pickens, and Aaron Bryant. *See* Docket 4 ¶ 11. Cortez maintains that these six inmates, like him, are "disqualified offenders," yet are permitted to earn FSA time credits while he is not. *See* Docket 17 at 3; Docket 4 ¶ 12.

Respondent, however, has submitted evidence demonstrating that Cortez and the six inmates he identifies are not similarly situated. *See* Docket 11. Specifically, none of the six inmates he identifies were classified at sentencing

4

as organizers, leaders, managers, or supervisors of criminal activity. *Id.* ¶¶ 18, 22, 26, 30, 34, 39. A prisoner serving a sentence under 21 U.S.C. § 841(b)(1) is ineligible to earn time credits if the "sentencing court finds that the offender was an organizer, leader, manager, or supervisor of others in the offense." 18 U.S.C. § 3632(d)(4)(D)(lxv). The inmates Cortez identifies, therefore, are eligible to earn time credits under the FSA. *See* Docket 11 ¶¶ 19, 23, 27, 31, 35, 40. But because the sentencing court determined that Cortez was an "organizer or leader of criminal activity," *see Cortez*, 1:20-CR 10198, Docket 688 at 5, he is ineligible to earn time credits under the FSA, *see* 18 U.S.C. § 3632(d)(4)(D)(lxv).

Contrary to Cortez's objection, he has submitted no evidence demonstrating "inconsistencies [i]n BOP policy implementation." Docket 17 at 3. The record instead shows that the BOP recognizes that the six identified inmates are eligible to earn FSA time credits, while Cortez is not. *See* Docket 11; Docket 11-1; Docket 11-2; Docket 11-3; Docket 11-4; Docket 11-5; Docket 11-6; Docket 11-7; Docket 11-8; Docket 11-9; Docket 11-10. Additionally, Cortez has submitted no evidence to rebut respondent's showing that those inmates are not similarly situated to him. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986) ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). Because the magistrate judge did not err in finding that there are no genuine issues of material fact concerning whether the BOP treated similarly situated inmates differently, Cortez's objection is overruled.

## II. Whether the Report and Recommendation misapplies the equal protection standard

Cortez objects to the magistrate judge's report and asserts that the magistrate judge "fail[ed] to adequately address" his equal protection claim. Docket 17 at 3. Cortez argues that the magistrate judge "conclud[ed] without sufficient analysis that [r]espondent's actions are consistent with [18 U.S.C. § 3632(d)(4)(D)]." *Id.*

After conducting a de novo review of the magistrate judge's report, the court concludes that the magistrate judge sufficiently analyzed Cortez's equal protection claim. *See* Docket 16 at 10-12. As explained above, the magistrate judge laid out the appropriate equal protection standard, *id.* at 5-9, and found that Cortez's claim fails as a matter of law because the six inmates he identifies are not similarly situated to him. *Id.* at 11-12. Having failed to satisfy the threshold requirement of differential treatment among similarly situated individuals, no further analysis was required. *See Adam & Eve Jonesboro, LLC v. Perrin*, 933 F.3d 951, 959-60 (8th Cir. 2019).

The magistrate judge's analysis of whether respondent's actions comport with 18 U.S.C. § 3632(d)(4)(D) was likewise adequate. Docket 16 at 10-11. The record confirms that the BOP's actions are consistent with the statute's requirements. *See* Docket 11. Respondent has submitted evidence showing that the six inmates are eligible to earn FSA time credits, while Cortez is not, and nothing in the record contradicts that showing. *See id.* ¶¶ 19, 23, 27, 31, 35, 40. As such, Cortez's objection is overruled.

**CERTIFICATE OF APPEALABILITY**

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition." *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003) (citing 28 U.S.C. § 2253). "Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a [certificate of appealability] from a circuit justice or judge." *Id.* at 335-36. A certificate may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is one that demonstrates "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court finds that Cortez has failed to make a substantial showing that his constitutional rights were denied. Consequently, a certificate of appealability is denied.

**CONCLUSION**

Based on the foregoing, it is

ORDERED:

1. That respondent's motion for summary judgment (Docket 8) is granted. Cortez's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Docket 1) is dismissed.

2. That the magistrate judge's report and recommendation (Docket 16) is adopted as supplemented by this opinion.

3.    That Cortez's objections (Docket 17) are overruled.

Dated January 28, 2026.

                              BY THE COURT:

                              /s/ *Karen E. Schreier*
                              KAREN E. SCHREIER
                              UNITED STATES DISTRICT JUDGE